F. B. VANDEGRIFT & CO. v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. June 3, 1908.)

No. 4 (1,962).

CUSTOMS DUTIES—CLASSIFICATION—MONUMENT—"WORK OF ART."

The term "works of art," in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 703, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1690), *held* not to include a monument on which the only free sculpture is the cornice, a relief bust, and a garland of flowers, all covering only a very slight area of the whole surface.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, p. 7524.]

On Application for Review of a Decision by the Board of United States General Appraisers.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

Jasper Yeates Brinton, Asst. U. S. Atty. (J. Whitaker Thompson, U. S. Atty., on the brief), for the United States.

HOLLAND, District Judge. This is an appeal by the importers from a decision of the United States General Appraisers, affirming the decision of the collector of customs and classifying a certain marble monument imported into the port of Philadelphia under paragraph 115, of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1636]), as a manufacture of marble, against the contention of the importers that the same should be classified under paragraph 703 (Act July 24, 1897, § 2, c. 11, Free List, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1690]), covering "works of art * * * imported expressly for presentation to * * * in-

corporated religious society." The appraiser in his report to the collector said:

"I beg to state that in the opinion of this office neither in the various details of its construction nor as a whole is the article a work of art within the meaning of said paragraph 703 and department's regulations in T. D. 24,502, but is simply a mortuary design or monument, as would seem to be the most reasonable deduction from the photographic representation herewith. In this view, it was advisorily returned for classification according to material (as a manufacture of marble) under paragraph 115."

The board in its decision affirming the action of the collector said in part:

"The article in controversy is a marble monument which was presented to the church of Our Lady of Good Counsel in Philadelphia by the congregation and erected in the churchyard to the memory of a deceased pastor. It was assessed for duty as a manufacture of marble at 50 per cent. ad valorem, under paragraph 115 of the tariff act of 1897, and is claimed to be free under paragraph 703 as a 'work of art' imported for presentation to a religious society. The only question at issue is its status as a work of art. The monument is a low, four-sided, tapering shaft surmounted by a cross. The shaft is plain, except for a tablet with carved bust in base relief and an inscription, and beveling and paneling upon the body of the shaft designed to give the effect of five blocks of marble laid one above the other. A simple cornice and garland of flowers are carved on the capstone. The base consists of plain blocks of marble beveled. The only free sculpture on the monument is the cornice, the relief bust, and garland of flowers, which cover a very slight area of the whole marble surface. It is not proposed to find that the article in question is not skillfully carved, or is devoid of a symmetry that makes it attractive to the eye. But in the board's judgment it cannot be admitted under paragraph 703, unless every symmetrical object of carved marble is a work of art within the meaning of the law, and that breadth of construction is not warranted by any authority known to the Board. The monument appears to have been properly classified as a manufacture of marble, and the protest is accordingly overruled with an affirmance of the collector's decision."

The decision of the Board of General Appraisers is affirmed for the reasons stated by the board, and the appeal dismissed.